IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| EUGENE ALLEN LINWOOD, JR., | CV-20-91-BLG-SPW-TJC |
| Petitioner, | |
| vs. | |
| | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| DEPARTMENT OF CORRECTIONS; PROBATION AND PAROLE; YELLOWSTONE COUNTY DETENTION CENTER; and, SHERIFF LINDER, | |
| Respondents. | |

This case comes before the Court on an Amended Petition filed by state pro se petitioner Eugene Allen Linwood, Jr., seeking habeas corpus relief.  (Doc. 5.) Linwood seeks immediate release from the Yellowstone County Detention Facility (YCDF) due to the COVID-19 pandemic.

## I.     28 U.S.C. § 2254 Petition

The Court is required to screen all actions brought by prisoners who seek relief.  28 U.S.C. § 1915(a).  The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted.  28 U.S.C. § 1915A(b)(1), (2).  Further, the Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 Governing

1

Section 2254 Cases.  As explained below, Linwood's claims are not cognizable in federal habeas and his petition should be denied.

## II.    Background

Linwood indicates that he is currently in custody of the YCDF for convictions of Criminal Possession of Dangerous Drugs, Theft, and Forgery. (Doc. 5 at 2.)  He explains that on May 31, 2018 he was committed to the Montana Department of Corrections (DOC) for 20-years, with 15 of those years suspended. *Id*.

On July 30, 2019, Linwood was released on parole for the Possession, Theft, and Forgery convictions.  On February 19, 2020,  Linwood's parole officer filed a report of violation.  On March 17, 2020, Linwood had an on-site hearing wherein he admitted to several violations.  *Id*. at 2.  On August 4, 2020, Linwood had a formal parole hearing in which he waived his right to present testimony and waived his right to counsel; Linwood's parole was revoked.  *Id*. at 3.[1]

Linwood filed a petition for writ of habeas corpus in state district court on July 22, 2020, challenging his parole violation proceedings.  The state district court found that Linwood failed to establish that his right to due process had been

---

[1] A review of the district court order denying Linwood's state habeas petition reveals that, in addition to the convictions referenced above, he is also is being held on a parole violation and a new criminal charge for Failure to Return Rental Property.  See, Linwood v. DOC, et. al., Or. at 2 (Aug. 13, 2020).

2

violated in relation to the revocation of his parole.  *Id*. at 2-4.  Additionally, the district court found that Linwood was not entitled to habeas relief based upon his concerns surrounding COVID-19.  Citing *Chandler v. Michael*, OP 20-0334, 2020 WL 3545202, (Mont. June 30, 2020),[2] the court determined Linwood's claims were speculative in nature.  *Id*. at 4.

### III.   Linwood's Claims

All of the claims advanced by Linwood revolve around his medical condition and his concerns of being at higher risk of contracting COVID-19. Linwood first explains that he has chronic obstructive pulmonary disease (COPD) and that this condition constitutes an "extraordinary and compelling reason" for his release.  (Doc. 5 at 3, ⁋ 15(A)).  Linwood contends that his Veteran's Affairs records, Montana State Prison medical records, and the medical staff at the Yellowstone County Detention Facility all  have documented his COPD and glaucoma and that these diseases can cause death.  *Id*.  Linwood asserts that his COPD, coupled with the fact that he is African American, places him in a severe risk category.  *Id*. at 4, ⁋ 15(B).  Linwood further believes that he is not a danger to others or the community and can be safely released, as demonstrated by the fact

---

[2] In *Chandler*, the Montana Supreme Court determined it could not provide Chandler the relief sought- placement on conditional release- due to his COVID-19 concerns, because he failed to demonstrate that his placement in prison was illegal. *Chandler*, OP 20-0334, at *1.

that his convictions and pending charges are all non-violent in nature.  *Id*. at 5, ¶ 15(C ).  Linwood believes the Montana Board of Pardons and Parole (the Parole Board) should grant him a special exception.  *Id*.  Finally, Linwood asserts this Court should not want any inmate harmed by COVID-19, and accordingly, should grant him compassionate release.

Linwood asks this Court to release him into community supervision with GPS monitoring.  *Id*. at 7, ¶ 18.

### IV.    Legal Standards/Analysis

As a preliminary matter, this Court is not able to provide Linwood the relief sought.  Federal district courts, as courts of original jurisdiction, do not serve as appellate tribunals to review errors allegedly committed by state courts.  *MacKay v. Pfeil*, 827 F. 2d 540, 543 (9th Cir. 1987); *see also Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970)("lower federal courts possess no power whatever to sit in direct review of state court decisions").  It would be entirely inappropriate for this Court to review Linwood's state sentence and/or alter the decision of the Parole Board.

Additionally, to be eligible for federal habeas corpus relief, a state prisoner must establish that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §2254(a); *Williams v. Taylor*, 529 U.S. 362, 375 (2000); see also, Rule 1 Governing Section 2254 Cases.  The Supreme

4

Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody..." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A petition for writ of habeas corpus must specify the grounds for relief as well as the facts supporting each ground. Rule 2(c) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 2254. The petitioner must make specific factual allegations that would entitle him to habeas corpus relief if they are true. *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990). Each ground for relief must be clearly stated and allege what federal constitutional violation has occurred, along with providing facts that support the grounds for relief. Here, Linwood has not identified any federal ground for relief in the petition and has not alleged that his continued incarceration violates the Constitution or laws or treaties of the United States.

To the extent that Linwood seeks compassionate release, he is advised that the CARES Act, which pertains to the release of federal prisoners, does not create an actionable habeas claim for state prisoners.[3] As explained by another district court:

---

[3] The Coronavirus Aid Relief and Economic Security Act ("CARES Act") was enacted in response to the COVID-19 pandemic and increases Bureau of Prison's authority to release prisoners to home confinement. *See* CARES Act, Pub. L. No., 116-136, § 12003(b)(2), 134 Stat. 281, 516 (March 27, 2020) (suspending eligibility limitations imposed by 18 U.S.C. § 3624(c)(2)).

> A plea for compassionate release is not one which federal courts, sitting in habeas, or any other situation, are entitled to act upon. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex,* 442 U.S. 1, 7 (1979). "[N]either § 2241 nor § 2254 vest this Court with habeas corpus jurisdiction to order a compassionate release." *Fox v. Warden Ross Correctional Inst.,* 2012 WL 3878143, *2 (S.D. Ohio Sept. 6, 2012).

*Tucker v. Department of Corrections*, 2013 WL 1091282, *1 (E.D. Cal. Mar. 15, 2013), adopted Apr. 25, 2013 (Mendez, D.J.).

To the extent Linwood may be alleging that the conditions of his confinement violate his federal constitutional rights, the proper form of action is a civil rights complaint pursuant to 42 U.S.C. § 1983.  See, *Crawford v. Bell*, 599 F.2d 890, 891-92 (9th Cir. 1979) (holding that the proper remedy for claims challenging conditions of confinement is a civil rights action pursuant to 42 U.S.C. § 1983).  Although the Court has discretion under limited circumstances to construe a claim presented in a habeas petition as a § 1983 claim, see *Nettles v. Grounds*, 830 F.3d 922, 935-36 (9th Cir. 2016) (en banc), the Court declines to do so in the present matter.

## V.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules governing § 2254 Proceedings.  A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C.

§ 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Linwood has not made a substantial showing that he was deprived of a constitutional right.  Further, because Linwood has not asserted a federal constitutional claim, reasonable jurists would find no basis to encourage further proceedings in this Court.  A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1.  Linwood's Amended Petition (Doc. 5) should be DENIED.

2.  The Clerk of Court should be directed to enter judgment in favor of Respondents and against Petitioner.

3.  A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT
### TO FINDINGS & RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Linwood may object to this Findings and Recommendation within 14 days.[4]

---

[4] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise

28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo

determination by the district judge and/or waive the right to appeal.

Linwood must immediately notify the Court of any change in his mailing

address.  Failure to do so may result in dismissal of his case without notice to him.

DATED this 29th day of January, 2021.

/s/ Timothy J. Cavan
Timothy J. Cavan
United States Magistrate Judge

---

expire under Rule 6(a)."  Therefore, since Linwood is being served by mail, he is
entitled an additional three (3) days after the period would otherwise expire.